IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00035-KDB

| | |
|---|---|
| LESLIE MARLER, | |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Leslie Marler's Motion for Summary Judgment (Doc. No. 16) and Defendant's Motion for Summary Judgment (Doc. No. 18). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying her application for disability insurance benefits under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider and further explain his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

**I. PROCEDURAL BACKGROUND**

On May 26, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging disability since June 12, 2015 (later amended to December 15, 2016) (Tr. 18). The claim was initially denied on July 22, 2016 and upon

1

reconsideration on November 1, 2016. (*Id.*). Following that denial Plaintiff filed a written request for a hearing and ALJ John M. Dowling (the "ALJ") held a video hearing on October 4, 2018, at which Plaintiff and a vocational expert appeared. (*Id.*). On November 23, 2018, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. (Tr. 15-28). The Appeals Council denied review of the ALJ's decision on November 19, 2019. (Tr. 1). Plaintiff now seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Marler was disabled under the law during the relevant period.[1] At step one, the ALJ found that Ms. Marler had not engaged in substantial gainful activity ("SGA") since her alleged onset date and at step two that she had several medically determinable and severe impairments: bilateral hearing loss, depression and anxiety (20 CFR 404.1520(c)). (Tr. 20). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 21).

The ALJ then determined that Ms. Marler had the residual functional capacity (RFC):

> … to perform a full range of work at all exertional levels but with the following nonexertional limitations: she must avoid even moderate exposure to excessive

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

> noise. She can do no work requiring auditory warning signals or in noisy environments. She must work in occupations not requiring frequent telephone communication. She can perform simple, routine tasks. She can occasionally interact with coworkers and the public.

(Tr. 22). The ALJ then found at step four that Plaintiff could not perform her past relevant work. (Tr. 26). However, at step five the ALJ found that given Plaintiff's age (54)[2], education (at least a high school education), work experience (as an inspector, assembler, leather sorter and spooler), and RFC there are jobs that exist in significant numbers in the national economy that she could perform, including "Laundry Worker" and "Cleaner." (Tr. 27). Thus, the ALJ decided that Plaintiff has not been under a disability within the meaning of the Act from the alleged onset date through the date of the decision. (Tr. 28).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

---

[2] In his decision, the ALJ referenced Plaintiff's age at the time of her initial alleged disability onset date. At the time of her amended disability onset date, Plaintiff was 56 years old.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[3] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].")

Thus, while the Court must always ensure that proper legal standards are being followed, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence.

---

[3] As the Fourth Circuit very recently noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty … lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' … [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' … To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards … but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *3 (4th Cir. Feb. 22, 2021).

*See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.* (internal quotation marks omitted); *Shinaberry,* 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### IV. DISCUSSION

Plaintiff makes numerous arguments that the ALJ's conclusion that she is not disabled is not supported by substantial evidence and that the ALJ failed to "build an accurate and logical bridge" from the evidence in the record to his unfavorable conclusion. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Although the Court does not reach all of Plaintiff's criticisms of the ALJ's decision and does not suggest by this remand whether or not Plaintiff should ultimately be found to have been disabled during the relevant period, one point of the ALJ's opinion raises sufficient questions that the Court believes the case should be remanded so that the ALJ may further explain his decision.

Overall, Plaintiff's challenge to the ALJ's decision focuses on her argument that the RFC is not adequately supported or explained. The Court (in part) agrees. In crafting a RFC, the ALJ must consider all of the claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Also, in performing the RFC

5

assessment, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See Woods*, 888 F.3d at 694 (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96–8p, 61 Fed. Reg. at 34,478)). Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. *Woods*, 888 F.3d at 694.

One of Plaintiff's complaints is that the ALJ did not properly evaluate her hearing impairment. Regarding the claimant's hearing loss, the ALJ noted that "audiogram revealed severe to profound mixed hearing loss in the right ear and moderate sloping to profound mixed loss in the left ear. The claimant was almost deaf in the right ear and had significant hearing loss in the left. Audiogram after the amended alleged onset date continued to show moderate sloping to severe-profound mixed hearing loss in her left ear. The claimant has also been noted to turn her left ear closer to where an examiner sat, suggesting difficulty hearing." Accordingly, with respect to Ms. Marler's hearing, the ALJ included in the RFC, among other hearing related limitations, a limitation that Plaintiff "must avoid even moderate exposure to excessive noise." (Tr. 22).

This limitation – in the most critical area of the Plaintiff's impairments – creates a fundamental problem in the Court's ability to review the ALJ's decision. Although there is a clear logical nexus between the evidence of Plaintiff's hearing loss and the need for her to avoid "even moderate exposure to noise,"[4] (*see* Tr. 95, 113 (conclusion in reports of agency's medical

---

[4] Plaintiff's Audiologist concluded: "[d]ue to the severity of her hearing loss, Ms. Marler will have considerable difficulty hearing during everyday activities. She will struggle to hear voices further than a few feet away from her. She has very limited telephone capabilities. She will not hear messages and may not hear people well enough to follow directions. (Tr. 332-334).

6

consultant evaluations)), the ALJ does not define what is meant by "*excessive*" noise.[5] And, absent any definition of this significant qualifying term, it is not possible for the Court to meaningfully review the limitation and determine if there is substantial evidence in the record to support the ALJ's finding.  This  is particularly true here where both jobs the ALJ said Ms. Marler could perform expose workers to "moderate" noise, *see* Doc. No. 17-2, 17-3, and the ALJ does not specifically explain how Plaintiff's ability to provide caretaking for her in-laws and their livestock – the primary reasons given for the ALJ's decision – relates to her hearing limitations. (*See* Tr. 24, 26).

In sum, because the ALJ failed to define and explain a key limitation in the Plaintiffs' RFC, the Court finds that this action should be remanded to the Commissioner for further proceedings in accordance with this Order. In so finding, the Court does not reach any of the other issues raised by Plaintiff, which should, nevertheless, be carefully considered on remand.  *See Arakas*, 983 F.3d at 98 (In evaluating a disability claim, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding."). However, again, by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Ms. Marler's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017).  "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509

---

[5] Of course, "[a]n ALJ may not substitute his own lay opinion for a medical expert's when evaluating the significance of clinical findings." *Arakas v. Comm'r Soc. Sec. Admin.*, 2020 WL 7331494, at *7, --- F.3d --- (4th Cir. 2020) (*citing Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984)).

7

U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 16) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[6]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 8, 2021

Kenneth D. Bell
United States District Judge

---

[6] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).