# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00035-KDB

| | |
|---|---|
| LESLIE MARLER,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), filed on May 26, 2021. (Doc. No. 24). Plaintiff requests the Court award EAJA fees in the amount of $9,535.07. The Commissioner has filed a Response in opposition requesting the Court order a reduced fee of $5,553.95. (Doc. No. 26). Plaintiff has filed a Reply in support of her original request for fees. (Doc. No. 27).

The Commissioner objects solely to the number of hours expended on this matter by Plaintiff's counsel, contending that 45.6 hours is excessive.[1] EAJA provides for an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). "Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002). Thus, a fee should be based on a reasonable number of hours

---

[1] Defendant does not dispute that Plaintiff is a prevailing party, that Defendant's position was substantially unjustified, or that Plaintiff is procedurally eligible for EAJA fees. (Doc. No. 26, at 2).

at a reasonable hourly rate. *See Hyatt*, 315 F.3d at 248. The party seeking fees under EAJA should submit evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. *Hyatt,* 315 F.3d at 253; *Harlan v. Colvin*, No. 3:12-cv-443 GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014). Other relevant factors may include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. *Miles v. Colvin*, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014).

The Commissioner argues that the number of hours requested by Plaintiff are excessive and warrant reduction. Specifically, the Commissioner submits that the 6.5 hours billed by Plaintiff on August 26, 2020 to "[r]eview file, draft statement of facts" are excessive and not reasonably expended. (Doc. No. 24-2 at 1). According to Plaintiff's time sheet, from December 2, 2020 through December 4, 2020, Plaintiff billed an additional 11.25 hours to again "[r]eview file, draft statement of facts" as well as index medical records, draft arguments, and conduct legal research. (Doc. No. 24-2 at 1). The Commissioner contends that in light of the 11.25 hours in December, and considering that the statement of facts was brief, [2] the 6.5 hours in August were unnecessary. (Doc. No. 26 at 3). However, "draft[ing] [the] statement of facts" was only mentioned in the December 2, 2020 entry, out of the three December entries. (Doc No. 24-2 at 1). It was also one of several tasks listed in that entry.[3] *Id.* The Court does not find it to be unreasonable, considering

---

[2] The resulting statement of facts was a little over 2 pages in length and consisted of the "Summary of the Case" and the "Summary and Course of Administrative Proceedings." *See* Doc. No. 17 at 4-6.

[3] The entry on December 2, 2020 states that counsel spent 5.5 hours to "[r]eview file, draft statement of facts/index of medical records, draft arguments."

the length of the record, that Plaintiff further reviewed and drafted the statement of facts while drafting arguments. Thus, the Court declines to strike the 6.5 hours billed on August 26, 2020.

The Commissioner also complains that the 11.25 hours that Plaintiff billed related to the preparation of a medical index in various entries from December 2, 2020 through December 4, 2020 was excessive. (Doc. No. 26 at 3-4). Plaintiff responds that the preparation of the medical index assists the writer in keeping track of the specific medical facts and to ensure the brief is as detailed and accurate as possible. In other words, Plaintiff claims the detailed knowledge of the record is an "integral part of drafting the [legal] argument." (Doc. No. 27, at 3).

Although a medical index was not required to be filed with the summary judgment memorandum, Plaintiff included a ten-page index of medical evidence. (Doc. No. 17-1). Additionally, Plaintiff's index to the medical record was simply a recitation of the medical records located in the certified administrative transcript and did not include any formal legal analysis. *Id.* A prevailing party may recover fees only for work that is traditionally done by an attorney. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Some tasks are clerical, regardless of who performs them and "not billable at . . . any rate at all since such tasks are included in office overhead." *See Elliott v. Astrue*, 2012 WL 3191027 at *3 (W.D.N.C. Aug. 3, 2012). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). This court has also explicitly stated that "compilation of a medical index [] is not compensable under the EAJA." *See Hooper v. Saul*, No. 3:20-cv-00074-FDW, 2021 WL 2188240, at *2 (citing *Thayer v. Saul*, No. 3:19-cv-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. Aug. 22, 2020)). Thus, it appears because of the lack of legal analysis that the preparation of the medical index is a clerical task, which is not compensable attorney time.

In these three December entries that make up the 11.25 hours the Commissioner seeks to strike, Plaintiff fails to separate the time spent preparing the medical index (which is a clerical task) from the time spent drafting arguments, completing legal research, and reviewing the file (which are compensable tasks). (*See* Doc. No. 24-2 at 1). The Court may reduce the entirety of the 11.25 hours for Plaintiff's failure to separate these tasks. *See Gibby v. Astrue*, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012) ("[The] court may discount requested hours if attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks") (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Indeed, this Court recently reduced the requested hours when the medical index, which is a clerical task, was included in block billing entries, noting that the Court was unable to determine how many of the hours were devoted to clerical tasks. *See Hooper*, 2021 WL 2188240, at *2. Accordingly, the Court will strike the 11.25 hours billed from December 2, 2020 through December 4, 2020.[4]

The Court finds this cut is also reasonable for other reasons. First, counsel billed over 37 hours in preparation of a 20-page brief. Even though Plaintiff argues that a preparation of a medical index saves time overall in drafting the brief, such was not true for this case. (*See* Doc. No. 27 at 3). Attorney Naides, who prepared the brief, has 34 years of experience as an attorney, including significant legal writing experience and experience in Social Security Disability cases. An attorney with such experience in legal writing and in the field of Social Security Disability should have been able to review the administrative record[5] and produce a well-written brief in under 37 hours.

---

[4] These 11.25 hours were billed at $209.12 per hour. Accordingly, the Court will reduce the overall award of requested EAJA fees by $2,352.60.

[5] Plaintiff points to the fact that the record was 1,810 pages and included 1,469 pages of medical records to substantiate his request for 45.6 hours. However, a record of such size is not unusual in Social Security cases. This Court has seen administrative records of similar size, but has not seen such a large request for attorneys' fees in those cases.

*See Trim v. Astrue*, No. 2:09-cv-30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (finding that 30 hours was an "excessive amount of time to be spent" in the preparation of the summary judgment brief, including time spent reviewing the record and performing legal research); *Gibby*, 2012 WL 3155624, at *6 ("[A]n attorney experienced in this field should have been able to review the administrative record and product a brief in a case such as this one within twenty-five hours.").

Second, counsel's time records indicate that in the following days (December 8, 10, and 15) counsel spent another 19.5 hours conducting legal research, drafting arguments, and revising and editing the brief. (Doc. No. 24-2 at 1). These 19.5 hours were in addition to the 11.25 hours billed for reviewing the file, drafting the medical record index, research, and drafting arguments. These subsequent entries indicate that a significant amount of the time counsel spent from December 2 to December 4 was likely on the medical index. Third, nothing about this case indicates that it was particularly novel or complex so as to require 37 hours by counsel in preparing the brief.

Defendant also requests that the 1.3 hours billed by attorney Piemonte, 0.8 hours on December 23, 2020, and 0.5 hours on January 14, 2021, to review attorney Naides' work be stricken because they are redundant and excessive. (Doc. No. 26 at 4). The Court finds that it is neither redundant nor excessive to spend a mere 1.3 hours reviewing and revising the work of another attorney.

Accordingly, the Court finds that Plaintiff should be awarded an attorney's fee under EAJA in the amount of $7,182.47.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) is **GRANTED IN PART**, to the extent that the Court will award attorney fees in the amount of $7,182.47, and that pursuant to *Comm'r of Soc.*

*Sec. v. Ratliff,* 560 U.S. 586 (2010), the fee award will first be subject to offset any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**SO ORDERED.**

Signed: June 26, 2021

Kenneth D. Bell
United States District Judge